CHARLES MASHOLIE, on Behalf of Himself and All Other Stockholders of D. J. SALVATOR, INC., Similarly Situated, Plaintiff, v. PRESIDENT AND DIRECTORS OF MANHATTAN COMPANY, Respondent, CHARLES MASHOLIE, Impleaded Defendant, Appellant, et al., Defendants.— In an action for money had and received, order denying appellant's motion to dismiss the cross complaint of respondent affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur. [See *post,* p. 961.]

JOHN N. NIGRO, as Executor of IRENE NIGRO, Deceased, Respondent, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Action by the executor of a beneficiary designated in an accident insurance policy. Order denying the defendant's motion for summary judgment upon the ground that the action was not started within twelve months after the date of the accident, as required by the policy, affirmed, with ten dollars costs and disbursements. The policy required an action to be commenced thereon within twelve months from the date of the accident causing the loss. Admittedly the accident resulting in death occurred more than six years before the institution of the action. Respondent seeks to escape the twelve months' limitation by reference to paragraph (14) of subdivision (c) of former section 107 (present § 164, subd. 3, ¶ [n]) of the Insurance Law, which required domestic insurers to include in their accident policies a provision permitting an action to be brought within two years from the expiration of the time within which proof of loss is required by the policy; and by reference to paragraph (5) of subdivision (c) of former section 107 (present § 164, subd. 3, ¶ [e]), which required such policies to provide that the failure to give notice within the time provided for in the policy shall not invalidate any claim if it is shown not to have been reasonably possible to give such notice and that notice was given as soon as reasonably possible. These sections, however, did not apply to mutual companies doing business on an assessment basis. (See Insurance Law, former §§ 209, 220; *Solez* v. *Commercial Travelers Mut. Accident Assn.,* 244 App. Div. 143, affd. 270 N. Y. 588.) Reversal would be required if there had been proof that the defendant was such a company. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BALDASARA, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of book-making, in violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. BOASI, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of book-making, in violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Carswell, Acting, P. J., Johnston, Adel, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD BURROWS, Appellant.— Appeal from a judgment of the County Court of Kings County convicting the defendant of the crime of robbery in the first degree and sentencing him to State prison. Judgment unanimously affirmed. No opinion. Present — Carswell, Acting, P. J., Johnston, Adel, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL DE VITO, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the